■ REX BILOTTA CORP., Appellant, v. ABRAHAM HAMZA, Respondent.— Order unanimously reversed, with costs, and matter remitted to trial court for assessment of damages in accordance with the Memorandum. Memorandum: The Special Term Justice denied summary judgment at least partly on the ground that illegal consideration was a valid defense. However, the question of illegality of consideration was not sufficiently raised in the defense affidavits. The affidavits were those of the attorney for the defendant, and not of the defendant himself. One of them was dated December 17, 1963. This affidavit referred to settlement negotiations in the office of the plaintiff's attorney, and while it is true that the attorney had personal knowledge of what transpired at those conferences the defendant was also there and he has submitted no affidavit. The part of the affidavit concerning the illegality of consideration is conclusory, not evidentiary. Further, there is nothing to show, and we have no reason to believe, that the attorney had personal knowledge of the facts underlying his conclusions. (Cohen v. Pannia, 7 A D 2d 886; Israelson v. Rubin, 20 A D 2d 668.) Plaintiff is entitled to partial summary judgment. Because there is a contention by the defendant that a $500 attorney's fee included in the note for $4,223, had previously been paid, the matter should be remitted to the trial court for an immediate hearing to determine and assess the amount of the damages, and upon the rendering of such assessment the trial court should direct the entry forthwith of the appropriate summary judgment. (Appeal

from an order of Onondaga Special Term denying plaintiff's motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.